**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | | |
|---|---|---|---|
| 1. | **CRYSTAL M. CARNES,** | ) | |
| | | ) | |
| | **Plaintiff,** | ) | |
| **v.** | | ) | **CIV-16-** 901-M |
| | | ) | |
| 1. | **RESTAURANT TECHNOLOGIES, INC.,** | ) | |
| | | ) | |
| | | ) | **JURY TRIAL DEMANDED** |
| | **Defendant.** | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Crystal M. Carnes, and for her Complaint against the Defendant alleges and states as follows:

## PARTIES

1.      Plaintiff, Crystal M. Carnes, is an adult female resident of Oklahoma County, Oklahoma.

2.      Defendant, Restaurant Technologies, Inc., is an entity doing business in and around Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.      This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on the following claims in violation of Title VII of the Civil Rights Act of 1964, as amended: gender discrimination, sexual harassment, and the creation of a sexually hostile work environment.

4.      Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.

5.      Plaintiff has exhausted her administrative remedies as to the above-listed claims by timely filing an initial Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 9, 2015.  Plaintiff received her

Dismissal and Notice of Rights letter from the EEOC dated on or about May 13, 2016, which Plaintiff received by mail thereafter, and has timely filed this action within ninety (90) days of receipt of her notice of right to sue.

6. Defendant conducts business in Oklahoma County and but for the unlawful employment practices described below, Plaintiff would have continued working for Defendant in Oklahoma County. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5.

**STATEMENT OF FACTS**

7. Carnes was hired with Defendant as the Oklahoma Account Manager on or about August 29, 2014 by Regional Sales Manager Brad Key (male). In this role, Carnes made sales contacts with potential customers for Defendant's restaurant fry-oil management systems. Carnes' territory included Oklahoma and portions of Arkansas, Missouri and Kansas.

8. Carnes' performance of her job duties was at least satisfactory, if not excellent. In fact, Carnes ranked in the Top 2 Account Managers in training for Strategic Account Sales ("SAS") with Defendant and was one of the first SAS certified Account Managers in her region.

9. Throughout her employment, Carnes observed practices of Defendant showing that women were treated less favorably that men in the workplace. For instance, most of Defendant's sales force, including Account Managers, are male. Carnes was one of only two (2) women in sales in Defendant's Central Region comprised of about eight (8) salespeople. And, at Defendant's National Sales Meeting in or around December 2014, the executive team presented a film starring various members of executive management. Part of the film

depicted an executive's outwardly adverse reaction to a woman who had been hired as Defendant's Vice President of Sales.

10.     In or around April 2015, Jason Rykken (male) became the Central Regional Sales Manager and Carnes' immediate supervisor. Shortly thereafter, Rykken hired Fabian Florez (male) as a second Oklahoma Account Representative. Florez was given most of Carnes' territory in Arkansas, Missouri, Kansas, and parts of Oklahoma. In fact, Carnes' territory was reduced to the Oklahoma City metro area.

11.     In or around late June 2015, Rykken placed Carnes and Robin Poulson (the only other female Account Manager reporting to Rykken) on a Performance Improvement Plan ("PIP"). Rykken told Carnes that she was allegedly not on track to meet her annual sales goal of twenty-eight (28) installs per year. However, Carnes had made substantial gains in this area. Carnes noted this with Rykken, however, she was still placed on the PIP. Upon information and belief, no male executive was placed on a PIP for this reason, although male members of Carnes' team were not meeting their goals.

12.     Thereafter, Poulson filed an internal gender discrimination complaint against Rykken, stating that Rykken treated women less favorably than male Account Managers. In her complaint, Poulson mentioned that only two (2) women reporting to Rykken (i.e., Poulson and Carnes) were placed on PIPs.

13.     On or about August 24, 2015, Rykken and National Sales Representative Brent Morris (male) told Carnes that she was being removed from a major account on which she had been working since in or around September 2014. In fact, the client had only agreed to meet with Rykken and Morris because of Carnes' work on the account. Rykken stated the account was being moved to Morris, that Florez would be the account's local contact, and that Carnes would only get credit for the installation of one test site with the client. Rykken

stated the reason was that the account was allegedly a national account. However, the client was not given national account pricing. And, no reason was given as to why Florez was the assigned contact, rather than Carnes.

14. On or about September 8, 2015, Carnes and other Account Managers attended a quarterly sales meeting at Defendant's Corporate Headquarters located in Mendota Heights, MN. Following a company sponsored cocktail event, Carnes and several other Account Managers met at a pub. While there, a male Account Manager asked Carnes if she wanted a "Fireball." Carnes declined, stating that she did not know what it (Fireball) was. The male manager responded by saying, "I'll show you Fireballs" and forced Carnes' head toward his crotch, mimicking a sexual act. Carnes tried to escape, however, it was not until other employees heard Carnes' yelling and assisted Carnes that she was able to break free.

15. The following afternoon, on or about September 9, 2015, Carnes was terminated by Rykken and Director of Human Resources Rick Copeland. Rykken initially stated Carnes was being terminated because she was late to a meeting that morning. However, Carnes questioned this reason because two male attendees who arrived late were held after the meeting by Copeland due to their tardiness, but Carnes was not. And, one of those male employees on Carnes' sales team (who was not meeting goals) was not fired. Rykken then said Carnes was being terminated for performance in addition to her tardiness.

16. Such reason was false and merely pretext for discrimination and retaliation. In fact, Carnes had notified Rykken that she may be a few minutes late to the meeting and arrived within 5 minutes of the meeting start. And, sales numbers sent to Rykken within the last week showed that Carnes ranked in the middle of the pack when compared with other Central Region Account Managers. Moreover, Carnes' performance was no worse than her male counterpart who was late to the September 9, 2015 meeting. However, he was not

fired. And, since the time Carnes exited her on-board training and began selling Defendant's product, Carnes was credited with five (5) installs of the product. Her male predecessor in the position installed only one (1) system in eighteen (18) months.

17. Defendant now contends that Carnes' termination was for underperformance only. This is directly contradictory to statements made by CEO Jeffrey Kiesel at the quarterly sales meeting following Carnes' termination where Kiesel indicated to sales and administrative employees attending the meeting that Carnes was fired for being late.

18. Upon information and belief, Carnes has been replaced by Florez.

19. As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries as described below.

### **COUNT I: Title VII (Gender)**

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

20. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of gender discrimination, harassment, and creation of a sexually hostile work environment.

21. Plaintiff is entitled to relief under Title VII because she is female, was qualified for her job, was terminated, and her position was not eliminated following her termination.

22. Moreover, Plaintiff is entitled to relief under Title VII for gender-based harassment, as looking at the totality of the circumstances, Plaintiff was subject to harassment which was pervasive or severe enough to alter the terms, conditions or privileges of her employment, and the harassment was gender based or stemmed from gender based animus.

23. Plaintiff is further entitled to relief under Title VII for retaliation because

Plaintiff was identified in the gender discrimination complaint lodged by another female, she suffered adverse actions subsequent to the protected activity; and a causal link exists (based on *inter alia* the timing of the events) between the protected activity and adverse actions.

24.   As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

25.   Because the actions of Defendant were willful, wanton or, at least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendant and award compensatory damages, punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 5th day of August, 2016.

    s/ Jana B. Leonard
**JANA B. LEONARD, OBA # 17844**
**LAUREN W. JOHNSTON, OBA # 22341**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, Oklahoma 73139**
**(405) 239-3800 (telephone)**
**(405) 239-3801 (facsimile)**
**leonardjb@leonardlaw.net**
**johnstonlw@leonardlaw.net**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**